UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re<br><br>GERARDO GONZALEZ, a/k/a Meir Zvolon, Vince L. Chai, Eddie Dou, John Franklin, also know as Marie Garcia, Richard Newton, Alina Savadian, Steven Goshgarian, Jennifer Gamboa, Behrang Rabi, and d/b/a Ridge Group,  Rancho Enterprises, Team Oak, Capital Ventures, Ameriprise Solution, Sunset Ventures,<br><br>SSN: XXX-XX-****<br><br>       Debtor. | Case No. 12-35541-HRT<br><br>Chapter 7 |
| NATIONSTAR MORTGAGE, LLC,<br><br>       Movant,<br>v.<br><br>GERARDO GONZALEZ, a/k/a Meir Zvolon, Vince L. Chai, Eddie Dou, John Franklin, also know as Marie Garcia, Richard Newton, Alina Savadian, Steven Goshgarian, Jennifer Gamboa, Behrang Rabi, and d/b/a Ridge Group,  Rancho Enterprises, Team Oak, Capital Ventures, Ameriprise Solution, Sunset Ventures,<br><br>       Respondent. | |

### NATIONSTAR'S WRITTEN OFFER OF PROOF IN SUPPORT OF ITS MOTION FOR *IN REM* RELIEF FROM AUTOMATIC STAY

Nationstar Mortgage, LLC ("Nationstar"), by and through its attorneys, Bloom Murr Accomazzo & Siler, PC, and in compliance with the Court's February 13, 2013 Notice of Evidentiary Hearing, hereby submits the following written offer of proof (the "Offer of Proof") in support of its Motion for *in Rem* Relief from Automatic Stay pursuant to Section 362(d)(4) of the Bankruptcy Code (the "Motion"):

A. **Testimony of Bounlet Louvan**

In support of Nationstar's Motion, Bounlet Louvan would testify as follows:

1. Bounlet Louvan ("Ms. Louvan") is over the age of 18 years old and has personal knowledge of the information more specifically set forth in her Declaration, a copy of which is attached hereto as **Exhibit 6-A**. *See* 28 U.S.C. § 1746.

2. Ms. Louvan is a foreclosure legal liaison, and formerly a trustee sales officer, for Quality Loan Service Corporation, a California Corporation ("Quality").

3. Quality is the trustee of record under a deed of trust encumbering the real property located at 227 Carnation Avenue, Newport Beach, California 92625 (the "Property"), which Property is the subject of the Motion filed by Nationstar in the above-captioned involuntary Chapter 7 bankruptcy case.

4. In her capacity as the Foreclosure Legal Liaison and Former Trustee's Sales Officer, Ms. Louvan has access to Quality's records as they pertain to pending foreclosure proceedings concerning the subject loan. Ms. Louvan has examined the foreclosure file relating to the subject loan in detail (hereinafter the "File"). The File is kept in the ordinary course of business. Ms. Louvan is familiar with the methods of maintaining foreclosure files from the time Quality acquires the file until the present. Entries documenting all interactions pertaining to the foreclosure of the Loan are to be made at, or near, the time of the interactions. The File for the subject loan appears to have been consistently maintained in accordance with the policy. Ms. Louvan knows the facts in her Declaration to be true from her own knowledge or has gained knowledge of them from the business records, which were made at or near the time of the acts, conditions, or events to which they relate, and which are maintained in the ordinary course of business by a person who had personal knowledge of the event being recorded and had, or has, a business duty to record accurately such event.

5. Quality was retained to commence foreclosure proceedings concerning a deed of trust (the "Deed of Trust") executed by Mark Whitehead, Donald Okada and Seth Christian (the "Debtors" and/or "Trustors") on March 21, 2006, and recorded against the Property in the Official Records of the County of Orange County as Instrument No. 2006000191818.

6. The subject Deed of Trust secures a promissory note executed by the Trustors in the original amount of $3,347,500.00 and encumbers the subject Property in California, and that Quality obtained and maintained a copy of the Deed of Trust in its File in the regular course of business. A true and correct copy of the Deed of Trust is attached hereto as **Exhibit 6-B**.

7. Quality was substituted as the trustee under the Deed of Trust on or about October 21, 2009 (the "Substitution of Trustee"). Further, Quality obtained and maintained a copy of the Substitution of Trustee in its File in the regular course of business. A true and correct copy of the Substitution of Trustee is attached hereto as **Exhibit 6-C**.

8.  The current beneficiary under the Deed of Trust is Nationstar Mortgage, LLC. An assignment of the Deed of Trust to Nationstar (the "Assignment of Deed of Trust") was recorded in the Official Records of Orange County, California on September 26, 2012 at reception number 2012000564391.

9.  Quality obtained and maintained a copy of this Assignment of Deed of Trust in its File in the regular course of business. A true and correct copy of the Assignment of Deed of Trust is attached hereto as **Exhibit 6-D**.

10. Quality was directed by Nationstar to sell the Property at a non-judicial trustee's sale on January 4, 2013 (the "Trustee's Sale").

11. On January 3, 2013, Quality was faxed a letter and enclosures concerning an involuntary Chapter 7 bankruptcy petition filed against debtor Gerardo Gonzalez dba Sunset Ventures (the "Letter"). The Letter claimed that Sunset Ventures had an ownership interest in the Property pursuant to a "recorded grant deed showing the ownership of SUNSET VENTURES, the debtor." The Letter enclosed a copy of the first page of the above-referenced bankruptcy petition, and a copy of a "Short Form Deed of Trust and Assignment of Rents," purporting to grant an interest in the Property to "Sunset Ventures Trust." Quality received and maintained the Letter in its File in the regular course of business. A true and correct copy of the Letter and the enclosures thereto is attached hereto as **Exhibit 6-E**.

12. Upon receipt of notification of the above-described bankruptcy proceedings, Quality cancelled the Trustee's Sale due to the automatic stay imposed by the filing of the bankruptcy.

### B. Testimony of Elizabeth Santoro

In support of Nationstar's Motion, Elizabeth Santoro would testify as follows:

13. Elizabeth Santoro ("Ms. Santoro") is over the age of 18 years old and has personal knowledge of the facts related to the Motion based on her review of Nationstar's business records.

14. Ms. Santoro is a Default Legal Analyst at Nationstar Mortgage, LLC.

15. Nationstar is the servicer and assignee of the mortgage loan and Deed of Trust that is the subject of the Motion filed by Nationstar in the above-captioned involuntary Chapter 7 bankruptcy case.

16. In her capacity as Default Legal Analyst, Ms. Santoro is familiar with the information systems that Nationstar uses to record and create information related to the mortgage loans that it services, including the processes by which Nationstar obtains the loan information in those systems. While many of those processes are automated, Nationstar employees manually enter data relating to loans on those systems, and they have personal knowledge of that information and enter it into the system at or near the time they acquired that

knowledge. These computerized records are created and maintained in the regular course of Nationstar's business as a loan servicer, and Nationstar relies on those records in the ordinary course to conduct its business as a loan servicer.

17. Ms. Santoro's employment with Nationstar commenced in or about July of 2012. Prior to that time, she was employed by Aurora Loan Services, LLC ("Aurora"). As set forth below, Aurora was the prior servicer and beneficiary of the mortgage loan that is the primary subject of Nationstar's Motion for Relief. During her employment with Aurora, Elizabeth Santoro was likewise familiar with the information systems Aurora uses to record and create information related to the mortgage loans that it services. Those systems are substantially similar to above-described systems employed by Nationstar. Indeed, certain information, records, and entries contained in Aurora's information systems were transferred to Nationstar at or around the same time Nationstar assumed the servicing of the subject loan described below.

18. On March 21, 2006, Donald Okada ("Okada"), Mark Whitehead ("Whitehead"), and Seth Christian ("Christian") obtained a loan from Lehman Brothers Bank, FSB ("Lehman") in the principal amount of $3,347,500 (the "Senior Loan"). A copy of the Adjustable Rate Note (the "Note") evidencing and containing the terms of the Senior Loan is attached hereto as **Exhibit 6-F**.

19. The Note is secured by the recorded Deed of Trust, which encumbers the Property located at 227 Carnation Avenue, Corona Del Mar, California. Exhibit 6-B attached hereto is copy of the Deed of Trust, as certified by the Orange County, California Clerk-Recorder.

20. Okada, Whitehead and Christian were the Trustors of the Deed of Trust; Lehman was the Lender; Mortgage Electronic Registration Systems, Inc. ("MERS") was the Beneficiary; and California Title Company was the Trustee.

21. On March 21, 2006, Okada, Whitehead, and Christian obtained a second loan from Lehman in the principal amount of $400,000 (the "Junior Loan"), secured against the Property by a recorded Deed of Trust ("Junior Deed of Trust"). Okada, Whitehead and Christian were the Trustors of the Junior Deed of Trust; Lehman was the Lender; MERS was the Beneficiary; and California Title Company was the Trustee. A copy of the recorded Junior Deed of Trust is attached hereto as **Exhibit 6-G**.

22. The Senior Loan was initially serviced by Aurora. On or about July 1, 2012, the servicing of and beneficial interest in the Senior Loan were transferred to Nationstar. Exhibit 6-D attached hereto is a true copy of the Assignment of Deed of Trust, as certified by the Orange County, California Clerk-Recorder.

23. Pursuant to the terms of the Note, Whitehead, Okada, and Christian are required to make monthly interest-only payments in the amount of $21,967.97 to Nationstar. Monthly payments to Aurora (the original servicer of the Senior Loan) commenced on May 1, 2006.

24. Borrowers Whitehead, Okada, and Christian first defaulted on the Senior Loan in 2009, when they failed to pay property taxes due on the Property. The borrowers have failed to pay any portion of property taxes since their acquisition of the Property in 2006. Commencing in November of 2010, the borrowers also ceased maintaining required hazard insurance coverage on the Property. As a result, Nationstar and its predecessor Aurora have collectively advanced $294,562.51 in unpaid property taxes and hazard insurance premiums since 2009.

25. Whitehead, Okada and Christian ceased making regular payments on the Senior Loan in August of 2009. The Senior Loan is currently due for the October 1, 2009 payment. Between October 1, 2009 and December 31, 2012, the Senior Loan accrued interest at the note rate of 7.875% in the total amount of $856,750.83 (exclusive of default interest). The borrowers have failed to repay any portion of the accrued interest on the Senior Loan. The borrowers have also accrued a total of $5,492.00 in late charges.

26. Whitehead, Okada, and Christian have incurred a total of $75,186.77 in corporate advances, which includes costs associated with foreclosure such as attorney fees, trustee's fees, costs of property valuations, and inspection fees. None of these advances have been reimbursed by the borrowers. The Senior Loan also has an outstanding balance of $75,186.77 in corporate advances (including foreclosure costs, trustee's fees, inspection fees, attorneys fees, etc.), and $5,492.00 in late charges.

27. The current outstanding balance of the Senior Loan alone totals $4,564,768.39.

28. On September 9, 2009, Quality Loan Services Corporation ("Quality"), as an agent for the current beneficiary, recorded a notice of default in the Orange County Official Records, relating to Okada, Whitehead, and Christian's default on the Senior Loan (the "Notice of Default"). A copy of the Notice of Default, which was recorded at reception number 2009000482724, is attached hereto as **Exhibit 6-H**.

29. On December 11, 2009, upon Whitehead, Okada and Christian's failure to cure their default, a notice of trustee's sale was recorded in the Orange County Official Records at reception number 2009000665980 (the "2009 Notice of Sale"), scheduling the public auction on the Property for December 31, 2009. A true copy of this 2009 Notice of Sale, as certified by the Orange County, California Clerk-Recorder, is attached hereto as **Exhibit 6-I**.

30. The foreclosure proceedings against the Property were placed on a litigation hold by Aurora due to the initiation of a lawsuit against Aurora by Whitehead and Okada in Orange County, California Superior Court, Case No. 30-2009-00328917, on December 17, 2009 (the "California Litigation"). A true copy of the complaint in the California Litigation, as certified by the Clerk of the Orange County Superior Court, is attached hereto as **Exhibit 6-J**. As a result of the California Litigation, the foreclosure sale scheduled December 31, 2009 did not go forward.

31. The foreclosure of the Property was delayed until June 28, 2011, at which point the above-referenced litigation hold on foreclosure proceedings was lifted after the resolution of the above-referenced lawsuit in favor of Aurora. A true copy of the Judgment of Dismissal of

the California Litigation, as certified by the Clerk of the Orange County Superior Court, is attached hereto as **Exhibit 6-K**.

32. On June 28, 2011, Quality recorded a second notice of trustee's sale in the Orange County Official Records, at reception number 2011000312913 (the "2011 Notice of Sale"), scheduling the public auction of the Property for July 22, 2011. A true copy of the 2011 Notice of Sale, as certified by the Orange County, California Clerk-Recorder, is attached hereto as **Exhibit 6-L**. The public auction was subsequently postponed to August 1, 2011.

33. On July 29, 2011, Whitehead and Okada executed a Grant Deed, transferring the Property to Cheap as Chips, LLC ("Cheap as Chips") (the "Cheap as Chips Grant Deed"). A true copy of the recorded Cheap as Chips Grant Deed, as certified by the Orange County, California Clerk-Recorder, is attached hereto as **Exhibit 6-M**. This transfer was made without the knowledge or consent of Aurora.

34. Also on July 29, 2011, a Chapter 11 bankruptcy petition was filed on behalf of Cheap as Chips in the United States Bankruptcy Court for the Central District of California, in Case No. 11-20688 (the "Cheap as Chips Bankruptcy"). A copy of the voluntary petition filed in the Cheap as Chips Bankruptcy is attached hereto as **Exhibit 6-N**.

35. As a result of the Cheap as Chips Bankruptcy, Quality postponed the trustee's sale pending resolution of the Cheap as Chips bankruptcy. That bankruptcy was ultimately dismissed for cause on December 29, 2011. A copy of the certificate of notice and dismissal order in the Cheap as Chips Bankruptcy is attached hereto as **Exhibit 6-O**.

36. Following the dismissal of the Cheap as Chips Bankruptcy, Okada executed a Grant Deed as Managing Member of Cheap as Chips, transferring the Property from Cheap as Chips to Carnation Seaview Properties, LLC ("Carnation") (the "Carnation Grant Deed"). A true copy of the recorded Carnation Grant Deed, as certified by the Orange County, California Clerk-Recorder, is attached hereto as **Exhibit 6-P.** The transfer to Carnation was made without the knowledge, consent, or authorization of either Nationstar or its predecessor Aurora.

37. On December 13, 2012, Quality recorded a third notice of trustee's sale in the Orange County Official Records, at reception number 2012000773708 (the "2012 Notice of Sale"), scheduling the public auction of the Property for January 4, 2013. A true copy of the 2012 Notice of Sale, as certified by the Orange County, California Clerk-Recorder, is attached hereto as **Exhibit 6-Q**.

38. On December 31, 2012, a "Short Form Deed of Trust and Assignment of Rents," (the "Short Form DOT") was recorded in the Official Orange County Records at reception number 2012000816752. The Short Form DOT purports to transfer certain interests the Property from Trustor "Carnation Seaview Properties LLC, By Mark Whitehead," to Beneificiary "Sunset Ventures Trust, Mark Whitehead Co-Trustee." A true copy of the recorded Short Form DOT, as certified by the Orange County, California Clerk-Recorder, is attached hereto as **Exhibit 6-R.** This transfer was made without the knowledge, consent, or authorization of Nationstar.

39. On January 2, 2013, the involuntary petition under Chapter 7 (the "Petition") was filed in this case against "Gerardo Gonazalez" by creditors "Pete Ballow", "Sue Cole", and "Robert Thompson." The Petition lists "DBA Sunset Ventures," as a name used by the debtor in the last 8 years.

40. The Petition was sent directly to Quality (the trustee of the Deed of Trust) on January 3, 2012. Quality has postponed the trustee's sale of the Property as a result, pending the resolution of this bankruptcy.

41. In connection with the foreclosure proceedings against the Property, Nationstar has obtained an appraisal of the Property from licensed appraiser Shari L. Hill. According to this appraisal, the market value of the Property is presently $2,500,000. A true and correct copy of the appraisal ordered and received by Nationstar is attached hereto as **Exhibit 6-S**.

C. **Nationstar Requests Judicial Notice of Certain Facts**.

42. Nationstar respectfully requests that in addition to considering the foregoing facts, the Court also take judicial notice of the pleadings and documents filed in any other bankruptcy cases in which Sunset Ventures is named as a debtor or as a dba of a debtor, including in U.S. Bankruptcy Court, District of Colorado, Case No. 13-10446-ABC (the "Bekerejian Bankruptcy Case"), in which Sunset Ventues [sic] was named as a dba of the involuntary Chapter 7 debtor, Zare Bekerejian. *See Fed. R. Evid. 201; In re Samora*, 117 B.R. 660, 661 (Bankr. D.N.M. 1990). The Docket Report for the Bekerejian Bankruptcy Case is attached hereto as **Exhibit 6-T**.

D. **Basis for *in Rem* Relief**.

43. As shown by the facts set forth above, borrowers Whitehead and Okada have employed a scheme involving an abuse of the legal process for the purpose of forestalling foreclosure of the Property. Thus, for the reasons stated in the Motion and summarized below, Nationstar should be granted *in rem* relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(4).

44. Here, the filing of the involuntary petition in this case was filed as part of a scheme to delay, hinder, or defraud Nationstar, and the scheme involved both a transfer without Nationstar's consent and multiple bankruptcy filings affecting the Property.

45. The scheme involves repeated unauthorized transfers of interests in the Property by and between Whitehead and Okada and various shell entities for the purpose of instituting frivolous bankruptcy cases to hinder and delay Nationstar and its predecessor's ability to foreclose upon the Property. Whitehead and Okada have carried out this scheme by, among other things, transferring an interest in the Property to a shell entity just prior to the scheduled trustee's sale of the Subject Property (first Cheap as Chips, and now Sunset Ventures) and then filing a bankruptcy petition concerning the respective shell entity immediately thereafter and sending Quality notice of the same. *See* Ex. 6-E.

46. Further, and as set forth above, this scheme involved the transfers of interests in the Property between Whitehead and Okada and the various shell entities, including Cheap as Chips, Carnation Seaview, and Sunset Ventures, without the consent of Nationstar or Aurora or the a court. *See* 11 U.S.C. § 362(d)(4)(A).

47. Additionally, under § 362(d)(4)(B), Whitehead and Okada's scheme has involved multiple (*i.e.,* more than one) bankruptcy filings affecting the Property, including the Cheap as Chips Bankruptcy, this bankruptcy case, and Bekerejian Bankruptcy Case.

48. The Cheap as Chips Bankruptcy affected the Property because Whitehead and Okada had previously transferred the Property to Cheap as Chips by way of the Cheap as Chips Grant Deed. This case, and the Bekerejian Bankruptcy Cases, ostensibly affect the Property because the Short Form DOT purports to give Sunset Ventures a junior deed of trust on the Property. *See Cardinal Industries, Inc. v. Buckeye Federal Sav. & Loan Ass'n (In re Cardinal Industries, Inc.)*, 105 B.R. 834 (Bankr.S.D.Ohio 1989) (finding that the debtor's unrecorded second mortgage interest became property of the estate upon the debtor's bankruptcy filing and protected by the automatic stay from the first mortgage holder's foreclosure of its lien); *see also, In re Fidelity Mortgage Investors*, 550 F.2d 47 (2d Cir.1976) (holding that the bankruptcy of a holder of a junior deed of trust stops foreclosure by a senior lien holder).

49. For these reasons, and for those stated in the Motion, Nationstar should be granted *in rem* relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(4).

DATED this 28th day of February, 2013.

*Original signature on file at the law offices of:*
BLOOM MURR ACCOMAZZO & SILER, PC

By: *s/ Jamie G. Siler*
Jamie G. Siler, #31284
James P. Eckels, #40858
410 17th Street, Suite 2400
Denver, Colorado 80202
Telephone: (303) 534-2277

*Attorneys for Nationstar Mortgage, LLC*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on this 28th day of February, 2013, true and correct copies of NATIONSTAR'S WRITTEN OFFER OF PROOF IN SUPPORT OF MOTION FOR *IN REM* RELIEF FROM AUTOMATIC STAY and the EXHIBITS thereto were filed and served on the following via the Courts CM/ECF filing system:

| | |
|---|---|
| US Trustee<br>999 18th St., Ste. 1551<br>Denver, CO 80202 | Diana L. Westfall<br>The Castle Law Group, LLC<br>999 18th Street, Suite 2201<br>Denver, CO 80202 |
| Susan Hendrick<br>Aronowitz & Mecklenburg, LLP<br>1199 Bannock Street<br>Denver, CO 80204 | Lawrence Bass, Esq.<br>Brandan K. Oliver, Esq.<br>Faegre Baker Daniels LLP<br>3200 Wells Fargo Center<br>1700 Lincoln Street<br>Denver, CO 80203-4532 |

  Additionally, I hereby certify that on this 28th day of February, 2013, true and correct copies of NATIONSTAR'S WRITTEN OFFER OF PROOF IN SUPPORT OF MOTION FOR *IN REM* RELIEF FROM AUTOMATIC STAY were served on the following via US first class mail, postage pre-paid:

| | |
|---|---|
| Sunset Ventures<br>227 Carnation Ave.<br>Newport Beach, CA 92625 | Carnation Seaview Properties LLC<br>P.O Box 3208<br>Huntington Beach, CA 92605 |
| Mark Whitehead<br>9 Ocean Ridge<br>Newport Coast, CA 92657 | Robert Thompson<br>6080 Center Drive, 6th Floor<br>Los Angeles, CA 90045 |
| Pete Ballow<br>600 17th Street., 2800 South<br>Denver, CO 80202 | Gerardo Gonzalez<br>7250 Franklin Ave. Unit 901<br>Los Angeles, CA 90046 |
| Sue Cole<br>1600 Broadway<br>Denver, CO 80202 | |

               *s/ Mark Adams*
               Mark Adams, Legal Assistant